# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE A. KLINGENSMITH individually and on behalf of all others similarly situated, | Civil Action No. |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| THE PARADIES SHOPS, INC. a corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | **Electronically Filed** |

## CLASS ACTION COMPLAINT

Comes now Plaintiff Melanie A. Klingensmith ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

## INTRODUCTION

1. In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

1

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendant The Paradies Shops, Inc. ("Defendant") had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq.*

5. Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq.*, and a permanent injunction enjoining Defendant from continuing its unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff, Melanie A. Klingensmith, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Lawrence.

10. Defendant The Paradies Shops, Inc. is a corporation organized and existing under the laws of Georgia with headquarters at 5950 Fulton Industrial Blvd., SW, Atlanta, Georgia 30336.

## CLASS ALLEGATIONS

11. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

12. Plaintiff seeks to represent two classes of persons to be defined as follows:

**CLASS A:** With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

**CLASS B:** With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendant printed 1)

3

more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

13. <u>Numerosity</u>: Each of the classes described above in paragraph 12 are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

14. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of each of the respective classes described in paragraph 12.

15. The exact sizes of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

16. Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

17. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of CLASS A and CLASS B. The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

18. Plaintiff and members of CLASS A and CLASS B were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of CLASS A and CLASS B, Defendant provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. §1681c(g).

19. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of CLASS A and CLASS B.

20. The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

> a. Whether Defendant's conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;
>
> b. Whether Defendant's conduct was willful;
>
> c. Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;
>
> d. Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

21. <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of CLASS A and CLASS B because her interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

22. <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B.  While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial, the damages suffered by the individual members of CLASS A and CLASS B are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B.  The likelihood of the individual members of CLASS A and CLASS B prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23. <u>Injunctive Relief:</u>  Defendant has acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§1681 *et seq*.

### (On Behalf of Plaintiff and the Members of CLASS A and CLASS B)

24.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

25.     Plaintiff asserts this claim on behalf of herself and CLASS A and CLASS B against Defendant.

26.     Title 15 U.S.C. §1681c(g)(1) provides that:

…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

27.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

28.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

29.     Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of CLASS A and CLASS B.  In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30.     After the effective date of the statute, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of

7

which Defendant printed more than the last five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card.

31. Defendant at the point of a sale or transaction with members of CLASS A, provided through use of a machine that was first put into use on or after January 1, 2005, each member of CLASS A with one or more electronically printed receipts on each of which Defendant printed, for each respective CLASS A member, more than the last five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

32. On or after December 4, 2006, Defendant at the point of a sale or transaction with members of CLASS B, provided through use of a machine that was first put into use before January 1, 2005, each member of CLASS B with one or more electronically printed receipts on each of which Defendant printed, for each respective CLASS B member, more than the last five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

33. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

34. Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card

8

payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

35. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B – persons with whom Defendant transacts business.

36. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

37. In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

38. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

39. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

40. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

41. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

42. Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in its willful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of CLASS A and CLASS B, prays for:

1. An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B, and appointing counsel for Plaintiff as counsel for CLASS A and CLASS B;

2. An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations;

3. An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

4. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

5. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

6. A permanent injunction enjoining Defendant from engaging in conduct in violation of FACTA; and

7. For other and further relief as the Court may deem proper.

Dated: March 12, 2007

Respectfully Submitted,

/s/ R. Bruce Carlson
R. Bruce Carlson
PA56657
bcarlson@carlsonlynch.com
Gary F. Lynch
PA56887
glynch@carlsonlynch.com
Stephanie K. Goldin
PA202865
sgoldin@carlsonlynch.com

CARLSON LYNCH LTD.
231 Melville Lane,
P.O. Box 367
Sewickley, PA  15143
(412) 749-1677
(412) 749-1686 (FAX)